1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  OWEN P. MARTIKAN (SBN 177104)
   Assistant United States Attorney
4
   450 Golden Gate Avenue, 9th Floor
5  San Francisco, California 94102-3495
   Telephone:    (415) 436-7241
6  Facsimile:    (415) 436-6748
   Email:        owen.martikan@usdoj.gov
7
   Attorneys for The United States of America
8
                  UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11
   PETER D. POULLOS and AMY          )   No. C 05-3690 CRB
12 POULLOS,                          )   E-FILING CASE
                                     )
13                  Plaintiffs,      )
                                     )   STIPULATION FOR COMPROMISE
14         v.                        )   SETTLEMENT AND RELEASE AND
                                     )   [PROPOSED] ORDER
15 UNITED STATES OF AMERICA,         )
                                     )
16                  Defendant.       )
                                     )
17

18         IT IS HEREBY STIPULATED by and between each of the undersigned plaintiffs

19 (meaning any person -- other than the plaintiffs' counsel and the defendant and its counsel --

20 signing this agreement waiving and releasing claims or potential claims against the United States,

21 whether such person is a party to this civil action or not) and the United States of America, by

22 and through their respective attorneys, as follows:

23         1.     The parties do hereby agree to settle and compromise each and every claim of any

24 kind, whether known or unknown, arising directly or indirectly from the acts or omissions that

25 gave rise to the above-captioned action under the terms and conditions set forth in this

26 Stipulation For Compromise Settlement And Release (hereinafter "Stipulation").

27         2.     This Stipulation is not, is in no way intended to be, and should not be construed

28 as, an admission of liability or fault on the part of the United States, its agents, servants, or

1  employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is

2  entered into by all parties for the purpose of compromising disputed personal injury claims under

3  the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

4         3.      The United States of America agrees to pay the cash sum of Three Million Dollars

5  ($3,000,000.00) (hereinafter "settlement amount") in full settlement and satisfaction of any and

6  all claims, demands, rights, and causes of action of whatsoever kind and nature, including any

7  claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known

8  and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to

9  property, and the consequences thereof, which the plaintiffs or their heirs, executors,

10  administrators, or assigns may have or hereafter acquire against the United States, its agents,

11  servants, and employees on account of the same subject matter that gave rise to the above-

12  captioned action.

13         4.      The United States agrees to pay the settlement amount specified in Paragraph 3,

14  above, on the following terms and conditions:

15         a.      Within three business days after counsel of record for the United States

16  receives (i) this Stipulation signed by all parties to said document; (ii) a court Order approving

17  the settlement on behalf of each legally incompetent adult or minor required to sign this

18  Stipulation waiving and releasing claims or potential claims against the United States; (iii) the

19  Social Security number or tax identification number of each plaintiff; (iv) a fully executed waiver

20  and release from each State, private entity, or private individual for any and all past, present, and

21  future claims or liens for reimbursement or payment any such State, private entity, or private

22  individual may have arising from any benefits or payments made to or on behalf of PETER D.

23  POULLOS and AMY POULLOS by any such State, private entity, or private individual; (v) a

24  fully executed waiver and release from any State, private entity, or private individual who has or

25  may have now or in the future a claim or cause of action against the United States (and its agents,

26  servants, and employees) arising out of the subject matter of the above-captioned action,

27  including any claim for contribution, indemnification, or subrogation; and (vi) an authorization

28  by the Attorney General or his designee to conclude negotiations and to consummate the

1   settlement, counsel for the United States will send a formal request to the Department of the

2   Treasury that the settlement amount of Three Million Dollars ($3,000,000.00) be paid as

3   provided in subparagraph 4.b., below.

4               b.      The United States shall pay to Plaintiffs PETER D. POULLOS and AMY

5   POULLOS and their attorney, John Farrell, the collective sum of $3,000,000.00 (three million

6   dollars and no cents) in cash. Payment shall be made by wire transfer to an account to be

7   designated by plaintiffs' attorney.

8               c.      With respect to the payment of the settlement amount, the United States

9   will not sign any annuity applications or uniform qualified settlement forms or any equivalent

10  forms, nor will the United States pay the settlement amount into a qualified settlement fund or its

11  equivalent. Plaintiffs and their attorneys agree that neither they nor their representatives or

12  agents will use any portion of the settlement amount to either (i) purchase or attempt to purchase

13  a structured settlement annuity or a qualified settlement annuity or (ii) place or deposit or attempt

14  to place or deposit any portion of the settlement amount in a qualified settlement fund or account

15  or their equivalent, such as a 468B fund or account. Once the plaintiffs have cashed their

16  Treasury wire transfer, there is nothing in this subparagraph 4.c. that precludes the plaintiffs from

17  using the proceeds from the wire transfer to either (i) purchase a standard, non-structured

18  settlement annuity or non-qualifying settlement annuity or (ii) fund a Special Needs Trust, but

19  they do agree that they will not represent to any person, entity, or agency (federal, state, or local)

20  that they are purchasing structured settlement annuities.

21              d.      The parties agree that any attorneys' fees owed by the plaintiffs in this

22  action against the United States shall not exceed 25% of the settlement amount (28 U.S.C. §

23  2678). The parties agree that any fees for legal services, including guardian ad litem fees,

24  incurred in this litigation or in obtaining any court approval of this settlement shall be considered

25  attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678. The

26  parties further agree that any such attorneys' fees, along with any costs and expenses of said

27  action against the United States, and any costs, expenses, or fees (including legal fees) associated

28  with obtaining any court approval of this settlement, will be paid out of the settlement amount

1   and not in addition thereto.

2          e.      The plaintiffs stipulate and agree that they are legally responsible for any

3   and all liens or claims for payment or reimbursement, including any liens or claims by Medicaid

4   or Medicare.  Plaintiffs and their attorneys stipulate and agree that the plaintiffs, by and through

5   their attorneys, will satisfy or resolve any and all liens or claims for payment or reimbursement

6   asserted by any individual or entity before distributing to plaintiffs any portion of the settlement

7   amount.  The plaintiffs and their attorneys further agree that plaintiffs' attorneys shall, within ten

8   (10) days of paying or resolving each such lien or claim for payment or reimbursement, provide

9   to the United States evidence that such lien or claim has been satisfied or resolved and that the

10  lienholder or claimant has waived and released its lien or claim.  The evidence required by the

11  terms of this Paragraph may be satisfied by a letter from plaintiffs' attorneys representing to

12  counsel for the United States that each such lien or claim has been satisfied or resolved and that

13  each such lienholder or claimant has waived and released its lien and claim.

14         5.      Plaintiffs and their guardians, heirs, executors, administrators, or assigns do

15  hereby accept the settlement amount and the terms and conditions of this Stipulation in full

16  settlement and satisfaction of any and all claims, demands, rights, and causes of action of

17  whatsoever kind and nature, including any claims for fees, interest, costs, and expenses, arising

18  from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and

19  personal injuries, death, or damage to property, and the consequences thereof, which the

20  plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire

21  against the United States, its agents, servants, and employees on account of the same subject

22  matter that gave rise to the above-captioned action.  Plaintiffs and their guardians, heirs,

23  executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold

24  harmless the United States and its agents, servants, and employees from and against any and all

25  such claims, causes of action, liens, rights, or subrogated or contribution interests incident to, or

26  resulting or arising from, the acts or omissions that gave rise to the above-captioned action.

27         6.      This compromise settlement is specifically subject to each of the following

28  conditions:

Stipulation of Settlement and Release and [proposed] Order
C 05-3690 CRB                                          4

1        a.    The Attorney General or the Attorney General's designee must approve
2   the terms of the settlement and authorize the attorney representing the United States to negotiate
3   and consummate a settlement for the amount and upon the terms and conditions agreed upon by
4   the parties, as set forth in this Stipulation.

5        b.    The parties must agree in writing to the terms, conditions, and
6   requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the
7   compromise settlement are null and void in the event the parties cannot agree on the terms,
8   conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this
9   Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition,
10  or requirement renders the entire Stipulation and the compromise settlement null and void. The
11  United States will not seek approval from the Attorney General or his designee unless and until
12  the parties have agreed to the terms and conditions of this Stipulation.

13       c.    Plaintiffs must obtain at their expense an Order by a court of competent
14  jurisdiction approving the terms of the settlement on behalf of any minor child of PETER D.
15  POULLOS and AMY POULLOS (whether by blood or adoption), and any incompetent adult
16  being required to sign this Stipulation. In the event any such person is not a party to this action,
17  the plaintiffs must obtain any such court Order from a state court of competent jurisdiction. Any
18  such court Order must expressly require plaintiffs to obtain, at their expense, waivers and
19  releases from any State, private entity, or private individual who has or may have now or in the
20  future a claim or cause of action against the United States (and its agents, servants, and
21  employees) arising out of the subject matter of the above-captioned action. Any such court Order
22  must also expressly require plaintiffs, through their attorneys, to pay or resolve any and all liens
23  or claims for payment or reimbursement, including any liens or claims by Medicaid or Medicare,
24  before their attorneys may distribute any portion of the settlement amount to the plaintiffs and
25  further require plaintiffs, through their attorneys, to provide to the United States the evidence that
26  such lien or claim has been satisfied or resolved as required by this Stipulation. The terms of any
27  such Order required by this Paragraph 6.c. must be approved by the Department of Justice's Torts
28  Branch prior to being submitted to any reviewing court and any such Order signed by such court

Stipulation of Settlement and Release and [proposed] Order
C 05-3690 CRB                                          5

1 cannot be changed by the court or parties without the prior written consent of the Torts Branch.

2 Plaintiffs agree to obtain such court Order or Orders in a timely manner: time being of the

3 essence. Plaintiffs further agree that the United States may void this settlement at its option in

4 the event any such court Order is not obtained with respect to each party to this action and each

5 non-party to this action in a timely manner. In the event plaintiffs fail to obtain any such court

6 Order, the entire Stipulation and the compromise settlement are null and void. The United States

7 will not seek approval from the Attorney General or his designee unless and until the plaintiffs

8 have obtained all such court Orders.

9         d.      Plaintiffs must obtain a waiver and release from any State, private entity,

10 or private individual who has or may have now or in the future a claim or cause of action against

11 the United States (and its agents, servants, and employees) arising out of the subject matter of the

12 above-captioned action. For purposes of this Stipulation, a claim or cause of action includes, but

13 is not limited to, a claim or cause of action for reimbursement for any payments made to or on

14 behalf of the plaintiffs, a claim or cause of action for reimbursement for any goods or services

15 provided to or on behalf of the plaintiffs, and a claim or cause of action for contribution,

16 indemnification, or subrogation. Plaintiffs must disclose the terms and conditions (whether

17 written or otherwise) of any agreement between the plaintiffs (individually or collectively) and

18 any individual or entity to pay money or to pay or provide any other type of consideration to, or

19 on behalf of, any of the plaintiffs. The United States will not seek approval from the Attorney

20 General or his designee unless and until the plaintiffs have obtained all such waivers and releases

21 and provided the terms and conditions of any such agreement between plaintiffs (individually or

22 collectively) and any individual or entity to pay money or to pay or provide any other type of

23 consideration to, or on behalf of, any of the plaintiffs. The terms of any such waiver and release

24 required by this Paragraph 6.d. must be approved by the Department of Justice's Torts Branch.

25        7.      Plaintiffs' complaint against the United States of America in this action shall be

26 dismissed with prejudice. In consideration of the terms enumerated herein and above in

27 paragraph 1, Plaintiffs PETER D. POULLOS and AMY POULLOS agree that, within five days

28 from notification by the US Attorney's Office that the settlement amount is available, Plaintiffs'

Stipulation of Settlement and Release and [proposed] Order
C 05-3690 CRB       6

1   counsel will execute and forward to Assistant United States Attorney Owen P. Martikan for

2   execution and filing with the court a stipulation for dismissal with prejudice in a form mutually

3   agreeable to the parties. AUSA Martikan will execute and file the stipulation of dismissal within

4   five days of his receipt thereof. On the date that the dismissal is filed, the settlement amount

5   shall be delivered to Plaintiff's counsel.

6        8.    Plaintiffs PETER D. POULLOS and AMY POULLOS do hereby release and

7   forever discharge the United States and any and all of its past and present officials, employees,

8   agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities,

9   actions, causes of actions, claims and demands or any kind and nature whatsoever, whether

10  suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations

11  set forth in Plaintiffs' pleadings in this action, including potential future claims for wrongful

12  death.

13       9.    California Civil Code Section 1542 provides as follows:

14            A general release does not extend to claims which the creditor does
              not know or suspect to exist in his favor at the time of executing
15            the release, which if known by him must have materially affected
              his settlement with the debtor.
16

17  Plaintiffs PETER D. POULLOS and AMY POULLOS have been apprised of the statutory

18  language of Civil Code Section 1542 by their attorney, and fully understanding the same,

19  nevertheless elect to waive the benefits of any and all rights they may have pursuant to the

20  provision of that statute and any similar provision of federal law. Plaintiffs PETER D.

21  POULLOS and AMY POULLOS understand that, if the facts concerning their injuries and the

22  liability of the government for damages pertaining thereto are found hereinafter to be other than

23  or different from the facts now believed by them to be true, this Agreement shall be and remain

24  effective notwithstanding such material difference.

25       10.   This instrument shall constitute the entire agreement between the parties, and it is

26  expressly understood and agreed that the Agreement has been freely and voluntarily entered into

27  by the parties hereto with the advice of counsel, who have explained the legal effect of this

28  Agreement. The parties further acknowledge that no warranties or representations have been

Stipulation of Settlement and Release and [proposed] Order
C 05-3690 CRB                                    7

1  made on any subject other than as set forth in this Agreement. This Agreement may not be

2  altered, modified or otherwise changed in any respect except by writing, duly executed by all of

3  the parties or their authorized representatives.

4      11.    The parties agree that this Stipulation, including all the terms and conditions of

5  this compromise settlement and any additional agreements relating thereto, may be made public

6  in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5

7  U.S.C. § 552a(b).

8      12.    It is contemplated that this Stipulation may be executed in several counterparts,

9  with a separate signature page for each party. All such counterparts and signature pages,

10  together, shall be deemed to be one document.

11

12      IT IS SO STIPULATED.

13  **For Plaintiffs Peter D. Poullos and Amy Poullos.**

14  DATED: 4/2/07

15              PETER D. POULLOS
              Plaintiff

16  DATED: 4/2/07

17              AMY POULLOS
              Plaintiff

18  DATED: 4-1-07

19              [Insert Peter Poullos' father here]
              Plaintiff's father  DEAN  POULLOS

20

21  DATED: 4/1/07

22              [Insert Peter Poullos' mother here]
              Plaintiff's mother

23              Carol Poullos

24              LAW OFFICES OF JOHN FARRELL

25  DATED: _____    By:

26              JOHN FARRELL

27

28

Stipulation of Settlement and Release and [proposed] Order
C 05-3690 CRB                                    8

1 | For Defendant The United States of America.

2

3   DATED: 4/6/07          By: SCOTT N. SCHOOLS
                                United States Attorney

4                               OWEN P. MARTIKAN
                                Assistant United States Attorney

5                    **[PROPOSED] ORDER**

6        Pursuant to stipulation, IT IS SO ORDERED.

7   DATED: May 21, 2007

8                               HON. CHARLES R. BREYER
                                United States Dis...

9

10                          IT IS SO ORDERED

11

12                          Judge Charles R. Breyer

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation of Settlement and Release and [proposed] Order
C 05-3690 CRB                    9

TOTAL P.10